IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD E. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-2456-JAR |
| ) | |
| WESTON TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Ronald Brown, proceeding *pro se* and *in forma pauperis*, filed this action alleging violations under Title VII of the Civil Rights Act of 1964,[1] and the Age Discrimination in Employment Act of 1967 ("ADEA");[2] and a claim for retaliation based on his complaint about disparate treatment. This matter is before the Court on Defendant Weston Transportation, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 38), alleging improper venue and alternatively, failure to exhaust administrative remedies with respect to Plaintiff's claim of retaliation. Plaintiff has responded (Docs. 46, 47).[3] For the reasons explained in detail below, the Court denies the motion to dismiss and, in its discretion, transfers this case to the United States District Court for the Western District of Missouri.

**I.    Background**

Defendant Weston Transportation, Inc. ("Weston") is a Missouri corporation with its

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

[3] The Court does not consider Plaintiff's sur-reply (Doc. 61), which was filed without leave of the court as required by D. Kan. Rule 15.1.

principal place of business in North Kansas City, Missouri.  Weston does not maintain an office in the state of Kansas, nor does it maintain a store, or retain any employment records in Kansas.[4]  All employment records relevant to this case, with the exception of payroll records, are maintained at Weston's principal place of business in Kansas City, Missouri.[5]  Plaintiff's payroll records are maintained by PeopLease in Avon, Indiana.[6]

Plaintiff, who is a sixty-two year old African-American male, is a resident of Kansas and was employed by Weston as a truck driver.  Plaintiff alleges that Weston did not pay him as promised.  When he went to Weston's office in Kansas City, Missouri on August 4, 2014, to inquire about his pay, Weston's President, Scott Schriner came out and said that Plaintiff was "accusing us of stealing," and terminated Plaintiff.  Plaintiff responded that if he was being fired, Weston needed to pay him his money.  Schriner responded, "I am not paying you and you get the [expletive] out of here."

Ginger Edwards and Leeann Schriner were present in the office when Plaintiff was terminated.  Plaintiff alleges that a white female employee of Weston, age 50, had issues with her pay being short, and Weston fixed her pay.  Plaintiff believes Weston discriminated against him because of his race, his gender, and his age.  Plaintiff also claims to be a whistleblower under the Sarbanes-Oxley Act and that Weston retaliated against him for complaining about different treatment with respect to his pay.

---

[4] Affidavit of Ginger Edwards, Doc. 38, Ex. B.

[5] *Id.*

[6] *Id.*

## II.     Discussion

Weston moves to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). Whether to dismiss a case for improper venue "lies within the sound discretion of the district court."[7] When a defendant challenges venue, the plaintiff bears the burden of proving that venue properly lies in the district.[8] "In order to meet his burden at the motion to dismiss stage, a plaintiff must present only a prima facie showing of venue."[9] "In assessing whether a plaintiff has met [his] burden, the facts alleged in a plaintiff's complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence."[10] If a plaintiff pleads multiple claims, "venue must be proper for each claim."[11] The court's consideration of evidence and affidavits outside the pleadings does not convert a Rule 12(b)(3) motion to a motion for summary judgment.[12] If the parties do present conflicting evidence, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff.[13]

The venue provision in Title VII states:

> Such an action may be brought in any judicial district in the State
> in which the unlawful employment practice is alleged to have been

---

[7] *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (citations omitted).

[8] *Johnson v. N. States Power Co.*, No. 99-2394-GTV, 2000 WL 1683658, at *2 (D. Kan. Nov. 2, 2000).

[9] *McKinzy v. Mo. Div. of Child Support Enforcement*, No. 10-2015-JWL, 2010 WL 2232699, at *3 (D. Kan. June 1, 2010) (citation omitted).

[10] *See Pierce*, 137 F.3d at 1192.

[11] *Gen. Bedding Corp. v. Echevarria*, 714 F. Supp. 1142, 1144 (D. Kan. 1989) (citing *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984)).

[12] *Topliff v. Atlas Air, Inc.*, 60 F. Supp. 2d 1175, 1176 (D. Kan. 1999).

[13] *M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 683 (D. Kan. 1994).

>committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has its principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.[14]

"It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions."[15]

The general venue statue, however, is applicable to Plaintiff's claims under the ADEA.[16] Venue in a diversity case such as this is governed by 28 U.S.C. § 1391, which states:

>A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[17]

Here, Plaintiff alleges the discrimination began when he was treated differently from a similarly situated white female employee about payroll issues, culminating in his termination

---

[14] 42 U.S.C. § 2000e-5-(f)(3).

[15] *Pierce*, 137 F.3d at 1191.

[16] *See Kearns v. Henderson*, No. 99-2211-GTV, 1999 WL 615891, at *1 (D. Kan. July 16, 1999) (applying general venue statute to ADEA claim) (citing *Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir. 1992)) (holding that section 1391(e) applies to ADEA claim by federal employee). It is not clear whether Plaintiff's retaliation claim is brought under Title VII, the ADEA, or both.

[17] 28 U.S.C. § 1391(b); *see also Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006).

4

when he complained about Weston's failure to pay him.  Throughout his employment, it is not clear where Plaintiff performed his trucking work for Weston; he does not allege, however, that he worked for Weston in Kansas.  Plaintiff's employment records are kept at Weston's principal place of business in North Kansas City, Missouri, and his payroll records are maintained by PeopLease, Inc., in Avon, Indiana.  Therefore, Plaintiff satisfies none of the bases for venue under § 2000e-5(f)(3) and venue   in this district for his Title VII claims is improper.  Moreover, Plaintiff's allegations show that all or a substantial part of the events or omissions giving rise to his claims occurred in North Kansas City, Missouri, not the state of Kansas.  Venue is also improper with respect to his remaining claims.

The decision to dismiss Plaintiff's claims or transfer them to the proper district is discretionary.[18]  28 U.S.C. § 1406(a) states: "The district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "A court usually should transfer an action, rather than dismiss it for improper venue."[19]  Plaintiff states facts sufficient to support venue in the Western District of Missouri.  As such, in the interest of justice, the Court transfers this case to that district rather than order dismissal.[20]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss for Improper Venue (Doc. 38) is DENIED.

---

[18]28 U.S.C. § 1406(a); *Pierce*, 137 F.3d at 1191 (stating "the decision whether to dismiss or transfer lies within the sound discretion of the district court").

[19]*Lewis v. Prime Flight Aviation Servs.*, No. 10-2644-JTM, 2011 WL 744769, at *2 (D. Kan. Feb. 24, 2011) (quoting *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997)).

[20]The Court does not reach Defendant's alternative argument that Plaintiff failed to exhaust his retaliation claim.

5

**IT IS FURTHER ORDERED** that this case be transferred to the United States District Court for the Western District of Missouri. The clerk shall take all necessary steps to effectuate this transfer.

**IT IS SO ORDERED.**

Dated: January 27, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
